**The below described is SIGNED.**



**Dated: May 27, 2011**                    _____
                                           **JOEL T. MARKER**
                                           **U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>MATTHEW CAMERON and<br>CATHY JANE CAMERON,<br><br>                    Debtors. | Bankruptcy Case No. 10-36921<br><br>Chapter 7 |
| ENGAGE WITH CLEAR VISION, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>MATTHEW CAMERON,<br><br>                    Defendant. | Adversary Proceeding No. 11-2297<br><br>Judge Joel T. Marker |

_____

### MEMORANDUM DECISION
_____

The Plaintiff, Engage With Clear Vision, LLC, commenced the above-captioned adversary proceeding against the Debtor-Defendant, Matthew Cameron, seeking to have certain debts held nondischargeable under 11 U.S.C. § 523(a)(4) and (6).[1] The matter now before the Court is the Debtor's motion to dismiss both counts of the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. After thoroughly reviewing the parties'

---

[1] All future statutory references are to title 11 of the United States Code unless otherwise indicated.

1

briefs and the other documents on file, considering the arguments of counsel at a hearing on May 23, 2011, and conducting an independent review of applicable law, the Court issues the following Memorandum Decision.

## I. FACTS

The relatively spartan complaint alleges that the Plaintiff's predecessors-in-interest BCA Investments Holdings, LLC; Whitworth Investments, LLC; William Whitworth; and Steven Whitworth "loaned or invested" $600,000 with software application development company Engage Thoughtware, LLC in "2008 and 2009." This is the case even though Engage Thoughtware was evicted from its business offices in Bountiful, Utah in September 2008 and subsequently "ceased all normal business operations." There are no allegations in the complaint that the loans or investments were improperly induced by anyone in any way, and Plaintiff's counsel confirmed at oral argument that no such allegations were being made.

The Debtor has been the manager of Engage Thoughtware since "approximately 2000" and guaranteed millions of dollars of Engage Thoughtware debts. The Plaintiff's predecessors-in-interest obtained a judgment against both Engage Thoughtware and the Debtor in state court "[i]n or about December 2009" for the loans or investments on an unspecified basis and then transferred the debt and judgments to the Plaintiff.[2] But in "late 2009," the Debtor helped begin a new company called Clear Vision Ventures, LLC and later Quiet Thinking, LLC that used Engage Thoughtware's intellectual property to develop new products pursuant to an agreement with New Jersey company AVAcorp, LLC—"without any compensation to the investors or creditors of Engage Thoughtware," few if any of whom "ever received any return on their

---

[2] Debtor's counsel stated his understanding at oral argument that the state court proceeding was merely an action on a note or some other debt instrument, and Plaintiff's counsel did not contest that understanding.

investments or loans to Engage Thoughtware." The Debtor "is the manager of Quiet Thinking, LLC and is paid a 'consulting fee' by Quiet Thinking, LLC."

## II. DISCUSSION

Based on these alleged facts, the Plaintiff requests nondischargeability of its judgment debt only under § 523(a)(4) for the Debtor's fraud while acting in a fiduciary capacity and under § 523(a)(6) for the Debtor's willful and malicious injury to Engage Thoughtware or the property of Engage Thoughtware "to the detriment of [the] Plaintiff." The Debtor moves for dismissal of the complaint under Rule 12(b)(6) on three grounds: (1) there are insufficient facts alleged to support a fiduciary relationship between the Debtor and the Plaintiff under § 523(a)(4); (2) there are insufficient facts alleged to support the Debtor's specific intent to injure the Plaintiff under § 523(a)(6); and (3) the Debtor's bad acts alleged in the complaint occurred after the Plaintiff's debt was incurred.

The exceptions to discharge contained in § 523(a) "are to be narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the [D]ebtor's favor."[3] In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court "must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party."[4] And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] This plausibility standard is higher than mere conceivability or possibility but lower than probability or certainty, and "[w]here a

---

[3] *Bellco First Fed. Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir. 1997).
[4] *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).
[5] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotes omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).

complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[6]

### A. § 523(a)(4) – Fraud While Acting in a Fiduciary Capacity

To state a claim under § 523(a)(4) for fraud while acting in a fiduciary capacity, the Plaintiff must allege that "(1) a fiduciary relationship existed between the [D]ebtor and the [Plaintiff], and (2) the debt owed to the [Plaintiff] is attributable to a fraud . . . committed by the [D]ebtor in the course of the fiduciary relationship."[7] Whether a fiduciary relationship exists under § 523(a)(4) is a question of federal law (although "state law is relevant to this inquiry"), and the term is narrowly construed such that "an express or technical trust must be present."[8] In turn, to qualify as imposing a sufficient fiduciary relationship, a statute must: (1) define the trust res, (2) spell out the fiduciary duty, and (3) impose a trust on the funds prior to the act creating the debt.[9]

In its memorandum in opposition to the motion to dismiss and at oral argument, the Plaintiff relied upon U.C.A. § 48-2c-807(2) as creating the required fiduciary relationship. This section of the Utah Revised Limited Liability Company Act provides as follows:

> Each member and manager shall account to the company and hold as trustee for it any profit or benefit derived by that person without the consent of members holding a majority interest in profits in the company, or a higher percentage of interests in profits provided for in the company's articles of organization or operating agreement, from:
>
>     (a) any transaction connected with the conduct of the company's business or winding up of the company; or

---

[6] *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted).
[7] *Barenberg v. Burton (In re Burton)*, No. CO-10-022, 2010 WL 3422584 at *5 (10th Cir. BAP Aug. 31, 2010).
[8] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996).
[9] *Employers Workers' Comp. Assoc. v. Kelley (In re Kelley)*, 215 B.R. 468, 473 (10th Cir. BAP 1997).

4

      (b) any use by the member or manager of company property, including confidential or proprietary information of the company or other matters entrusted to the person in the capacity of a member or manager.[10]

But the Tenth Circuit Bankruptcy Appellate Panel has already rejected materially identical language from the Oklahoma version of the Uniform Partnership Act as a sufficient basis for a statutory trust because it operated *ex maleficio*, i.e., the trust was only created after a partner derived profits without the consent of the partnership.[11] And in any event, the obligation under U.C.A. § 48-2c-807(2) runs to the company itself rather than creditors. The Plaintiff, however, is bringing this action in its capacity as creditor of a guarantor-principal, not on behalf of the company suing for a debt owed to it by the Debtor.

    A related question is presented by the Plaintiff's underdeveloped argument that a fiduciary relationship arose between the Debtor and the Plaintiff upon the insolvency of Engage Thoughtware. Part of the problem is that the Plaintiff relies heavily for this proposition on a confusing mix of U.C.A. § 48-2c-807(2) and the case of *In re Carretta* from the District of New Jersey,[12] to which the Debtor responds with another case from the District of New Jersey called *In re Casini*.[13] While these two cases provide an interesting and illustrative contrast in views as to whether the fiduciary duty owed to creditors by principals of insolvent companies is sufficient for purposes of § 523(a)(4), the Plaintiff's reliance on U.C.A. § 48-2c-807(2) as imposing that kind of duty under Utah law is misplaced.

---

[10] U.C.A. § 48-2c-807(2).
[11] *See Holaday v. Seay (In re Seay)*, 215 B.R. 780, 786 n.4 (10th Cir. BAP 1997).
[12] *Mercedes-Benz Credit Corp. v. Carretta (In re Carretta)*, 219 B.R. 66 (Bankr. D.N.J. 1998).
[13] *Casini v. Graustein (In re Casini)*, 307 B.R. 800 (Bankr. D.N.J. 2004).

The more natural source of this argument would be the "trust fund doctrine," which is codified into Utah law for limited liability companies in U.C.A. § 48-2c-1307.[14] This statute provides that "[a] claim may be enforced . . . against one or more members of the dissolved company to the extent the assets have been distributed to the members in winding up" although "[t]he total liability for all claims under this section may not exceed the total value of assets distributed to the members during winding up as that value is determined at the time of distribution."[15] And under the trust fund doctrine, as the Utah Supreme Court has explained in the context of the Utah Revised Business Corporation Act, "the assets of a dissolved corporation become a trust fund against which the corporation's creditors have a claim."[16]

But even assuming that Engage Thoughtware was insolvent before the alleged fraud committed by the Debtor and that the Plaintiff had used Utah's trust fund doctrine as the basis for its argument, the Court must still conclude that this does not impose a sufficient fiduciary relationship for purposes of § 523(a)(4) to state a plausible claim for relief in this adversary proceeding. In this regard, the Court recognizes the split of authority on the issue—as with *Carretta* and *Casini*—and finds more persuasive the view that imposing nondischargeable obligations on the principals of insolvent companies under the "fiduciary capacity" exception to discharge is simply painting with too broad a brush.[17]

Moreover, by the Plaintiff's own allegations in the complaint, its predecessors-in-interest loaned money to a defunct business that has never provided a return to its investors or creditors despite several years of operation. Plaintiff's counsel also stated at oral argument that the

---

[14] *Cf. John J. Christiansen Trust et al. v Maloney (In re Maloney)*, No. 09-2210, 2010 WL 5069865 at *8 (Bankr. D. Utah Dec. 7, 2010) (discussing the trust fund doctrine in the context of U.C.A. § 16-10a-1408 under the Utah Revised Business Corporation Act).
[15] U.C.A. § 48-2c-1307(1)(b) and (2).
[16] *BYU v. Tremco Consultants, Inc.*, 156 P.3d 782, 791 (Utah 2007).
[17] *See, e.g., Follett Higher Ed. Group, Inc. v. Berman (In re Berman)*, 629 F.3d 761 (7th Cir. 2011); *Casini*, 307 B.R. 800; *Maloney*, 2010 WL 5069865 at *8.

Plaintiff is still actively pursuing Engage Thoughtware, which is not in bankruptcy, and is attempting to execute on the Engage Thoughtware intellectual property that is the only asset of any potential value. Based on these additional facts in the complaint and from oral argument, combined with the failure to plead fraud with particularity, the narrow construction of exceptions to discharge, and the appropriate standard for deciding a motion to dismiss, the Court finds further support for the conclusion that the Plaintiff has not demonstrated a plausible claim for relief under § 523(a)(4).

**B.     § 523(a)(6) – Willful and Malicious Injury**

The Plaintiff also asserts a cause of action under § 523(a)(6) based on the Debtor's use of Engage Thoughtware's intellectual property for the benefit of himself and Quiet Thinking, LLC rather than the repayment of Engage Thoughtware's investors and creditors. Specifically, the Plaintiff asserts that the Debtor "has willfully and maliciously injured Engage Thoughtware or the property of Engage Thoughtware to the detriment of [the] Plaintiff."

Nondischargeability under § 523(a)(6) for willful and malicious injury to a creditor or its property requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[18] In other words, "[i]n order to establish that the injury was willful, the Plaintiff must show that the [Debtor] knew of and intended to cause an injury to either the Plaintiff or its property rights. To prove malice, the Plaintiff does not need to show 'ill will or spite,' just that the [Debtor's] actions were 'without justification or excuse.'"[19] But at best, the complaint only alleges that the Debtor intentionally injured Engage Thoughtware, which also resulted in unspecified derivative harm to the Plaintiff in the form of the failure to repay Engage

---

[18] *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1128 (10th Cir. 2004) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)) (emphasis in original).

[19] *Am. First Credit Union v. Hinckley (In re Hinckley)*, No. 06-2531, 2007 WL 4303047 at *4 (Bankr. D. Utah Dec. 3, 2007).

7

Thoughtware's debts. And even if the Plaintiff had a claim to the company's assets along with all the other creditors under Utah's trust fund doctrine as discussed above, the Plaintiff had no lien or other rights to any specific property as conceded by Plaintiff's counsel at oral argument. Thus, the Debtor neither could have known about nor intended to injure any such property rights.[20] There is also no allegation of the Debtor's malice. The complaint is accordingly insufficient to state a plausible claim for the Debtor's specific intent to injure the Plaintiff under § 523(a)(6).

### III. CONCLUSION

At this early stage of the adversary proceeding and with no prior amendment requests by the Plaintiff, the Court would generally treat the Debtor's motion to dismiss as a motion for more definite statement under Rule 12(e) or would give the Plaintiff a chance to amend the complaint. But the Plaintiff's only requested legal or factual amendment in either its briefing or oral argument was to clarify the allegation of Engage Thoughtware's insolvency, which the Court has already assumed for purposes of this Memorandum Decision, and any further factual amendments under the circumstances of this adversary proceeding would be futile. Accordingly, for the reasons set forth above, the motion to dismiss is GRANTED, and this adversary proceeding is DISMISSED. A separate Order will be issued in accordance with this Memorandum Decision.

---------------------------------------------END OF DOCUMENT---------------------------------------------

---

[20] For this reason, this adversary proceeding also stands in contrast to the cases in which a § 523(a)(6) action can be maintained for willful and malicious conversion of property in which a creditor has a specific interest. *See, e.g., Am. First Credit Union v. Gagle (In re Gagle)*, 230 B.R. 174 (Bankr. D. Utah 1999) (debtor's sale of truck parts until nothing remained interfered with creditor's security interest in the truck and constituted willful and malicious injury to creditor's property rights).

**\_\_\_\_\_ooo0ooo\_\_\_\_\_**
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Jeremy R. Cook
Parsons Kinghorn Harris
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
    *Counsel for Plaintiff*

Michael F. Thomson
Durham Jones & Pinegar
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110-4050
    *Counsel for Debtor-Defendant*